**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MARIO TRICOCI HAIR SALONS & DAY SPAS, LLC d/b/a Tricoci Salon and Spa, an Illinois corporation, | Case No. 20-cv-07196 |
| Plaintiff, | Honorable Judge Matthew F. Kennelly |
| v. | Honorable Magistrate Judge Gabriel A. Fuentes |
| CLAUDIA POCCIA and MOLLY SLOAT, | |
| Defendants | |

**<u>JOINT STATUS REPORT</u>**

The parties provide the below status report to the Court pursuant to its June 2, 2021 Order

(ECF No. 96.).

**I.      A plan for completing any discovery necessary for the preliminary injunction hearing.**

**a.      Depositions of Plaintiff and/or Plaintiff's Employees or Officers.**

i.   On June 2, 2021, Ms. Poccia served her Second Amended 30(b)(6) Deposition Notice consistent with this Court's directives, which narrows the scope of the corporate deposition of Tricoci to five topics. The parties have agreed that the 30(b)(6) deposition notice will proceed on June 15. Plaintiffs have identified two designees and will confirm all designees by June 8.

ii.  The deposition of Tricoci CEO Chris Santiago will proceed on June 15 as well.

iii. **Defendants' Position**: Defendants request that all of the above depositions be limited to three hours.

iv. **Tricoci's Position**: At the June 2, 2021 Status Hearing, the Court indicated that "If I give you a few hours now and that's not good enough for that case as a whole, then you can use the rest of the hours that the Rules of Civil Procedure provide you later." Accordingly, Tricoci is under the impression that the parties may utilize as many hours as they deem fit, to not exceed seven hours total both before or after the Preliminary Injunction Hearing. Accordingly, Tricoci intends to produce both Mr. Santiago and its 30(b)(6) witnesses on one date, which may be utilized by Defendants as they see fit.

b.    **Depositions of Defendants.**

i. Ms. Sloat's deposition is scheduled for June 11, 2021.

ii. Ms. Poccia's deposition is scheduled for June 10, 2021.

iii. **Ms. Poccia's Position**: Again, Ms. Poccia respectfully suggests that all depositions be limited to three hours.

iv. **Tricoci's Position**: At the June 2, 2021 Status Hearing, the Court indicated that "If I give you a few hours now and that's not good enough for that case as a whole, then you can use the rest of the hours that the Rules of Civil Procedure provide you later." Accordingly, Tricoci is under the impression that the parties may utilize as many hours as they deem fit, to not exceed seven hours total both before or after the Preliminary Injunction Hearing.

c.    **Deposition of Joseph Santacroce**

i. **Ms. Poccia's Position**: On June 2, 2021, for the first time, Plaintiff

requested the deposition of Fekkai Controller Joseph SantaCroce and asked Ms. Poccia's counsel for dates for Mr. SantaCroce prior to June 18. Plaintiff relied on a document involving Mr. SantaCroce in support of its preliminary injunction motion and has been aware of him for quite some time. Ms. Poccia's counsel immediately responded to Plaintiff's request for SantaCroce's deposition, stating that Ms. Poccia's counsel does not represent Fekkai (or Mr. SantaCroce) and as such, has no authority to agree to present Fekkai employees (including Mr. SantaCroce) as a witness. Further, Defendants object to any additional third-party discovery at this time because four depositions are already set to proceed between now and June 18 and Plaintiff first made this request just days ago. Moreover, Plaintiff has sought to limit Defendants' discovery in relation to the preliminary injunction, claiming, among other things, scheduling issues and difficulty with adding in additional depositions.

ii. **Tricoci's Position**: Defendant Poccia filed a Response to Tricoci's Amended Motion for Preliminary Injunction on June 1, 2021 attaching the Affidavit of Joseph Santacroce, Controller of Fekkai Retail LLC, Blue Mistral, and Bastide ("**Fekkai Brands**"), which was the first time Mr. Santacroce's testimony had been placed in the record. Tricoci requested from Poccia on June 2, 2021 to take the deposition of Mr. Santacroce regarding only the topics relevant to the Preliminary Injunction Hearing. Poccia's counsel indicated that they do not represent Mr. Santacroce and that they object to third-party depositions. Tricoci respectfully requests to

take the deposition of Mr. Santacroce limited to four hours of testimony, not including any questioning by Defendants' counsel. If the Court does not grant Tricoci leave to take Mr. Santacroce's deposition, then Tricoci respectfully requests that the Court prohibit Defendants from relying on any affidavit or in-person testimony of Mr. Santacroce at the Hearing and in any post-Hearing briefing.

II. **A plan for addressing Defendants' confidentiality designations.**

    a. **Defendants' Position**: Defendant Poccia offers to produce the following documents contained on her confidentiality/irrelevance log:

        i. All documents that are responsive to a search term limited to the word "Tricoci" but do not otherwise contain Fekkai, Bastide, Cornell Capital and/or Blue Mistral confidential information.

        ii. Ms. Poccia proposes to provide a sample set of documents (Ms. Poccia recommends a set not to exceed 250 documents) containing the search terms (Mario OR "Tricoci") AND (Fekkai OR "Bastide" OR "Cornell" OR "Blue Mistral" OR "Competitor") within the same document and which contain confidential information of the third parties for *in camera* review to determine whether the Court believes such documents are or may be relevant to Plaintiff's amended motion for preliminary injunction. To the extent these search terms do not contain confidential information of the aforementioned third parties, Ms. Poccia will produce those documents to Plaintiff.

4

b. **Tricoci's Position**: Throughout various meet and confer discussions between Tricoci and Poccia since June 2, 2021, Tricoci offered to resolve the dispute over Poccia's confidentiality designations for purposes of the Hearing by allowing her to produce only documents which reference 2-3 key terms. The term "Tricoci" is referenced in 402 documents on Poccia's Confidentiality Log, the term "Mario" is referenced in 318 documents on Poccia's Confidentiality Log, and the word "competitor" is referenced in 542 documents on Poccia's Confidentiality Log, for a total of 1,262 documents of the approximately 13,000 being held back from Poccia on her Confidentiality Log. Tricoci further agrees to review these documents on an attorneys' eyes only basis. While Tricoci reserves the right to request additional documents throughout discovery and resolve additional issues after the Hearing, these 1,262 documents referenced would solve this dispute for purposes of moving forward with the Hearing. Tricoci does not request further documents from Sloat in advance of the Hearing, but reserves the right to revisit those issues and documents following the Hearing.

III. **A proposal on the conduct of the hearing within the amount of time allotted by the Court.**

a. **Defendants' request for no hearing and supplemental briefing after depositions.**

i. **Defendants' Position:** Defendants respectfully submit that there is no need for a preliminary injunction hearing and that based on the matters outlined in their opposition, this case may be determined solely on the papers with leave for supplemental briefing after all depositions have concluded.

Indeed, given the relatively limited amount of time that may be allotted for the evidentiary hearing and the limited nature of the hearing itself, Defendants believe that all matters can be properly and fairly addressed through supplemental briefing in writing for the Court, with the possibility of a non-evidentiary hearing to the extent the Court has outstanding questions regarding the parties' positions or submissions.

    ii. **Tricoci's Position**: Tricoci objects to this request.

**b. Hearing Schedule:**

    i. **Defendants' Position: Defendants believe any evidentiary hearing (which they do not believe is necessary) should be limited as follows:**

        1. **Witnesses**. Defendants propose that each party be provided one (1) hour to direct examine and/or cross examine any witness who has been deposed prior to the hearing. This would include, Chris Santiago, Claudia Poccia, Molly Sloat, and Tricoci's corporate designee (which, even if more than one designee, would be limited to one hour of examination in total per party). Because there are two Defendants with separate facts surrounding Plaintiff's claims, Defendants take the position that one hour per party per witness is the most equitable solution.

        2. **Arguments**. The remaining time would be reserved for party argument/summations and answering Court questions, with each party receiving 30 minutes.

        3. **Post-Hearing Briefs.** Defendants suggest that post-hearing briefs

be due July 12, 2021.

ii. **Tricoci's Position**: Tricoci proposes that Plaintiff and Defendants each be permitted to utilize half of the time allotted by the Court as they see fit.

**Post-Hearing:** The parties jointly propose that the parties be permitted to submit a twenty (20) page post-hearing brief per side. Tricoci proposes that the post-Hearing briefs be due on July 2, 2021. The parties also agree that they be permitted to rely on deposition testimony in any post-Hearing briefing submitted and utilize non-final transcripts at the Hearing, to the extent necessary.

Dated: June 4, 2021

Respectfully Submitted,

/s/ *Colton D. Long*

James M. Witz
Colton D. Long
LITTLER MENDELSON, P.C.
321 North Clark Street, Suite 1100
Chicago, IL 60654
(312) 372-5520
jwitz@littler.com
clong@littler.com

Melissa McDonagh
LITTLER MENDELSON, P.C.
One International Place
Suite 2700
Boston, MA 02110
(617) 378-6000
mmcdonagh@littler.com
**Attorneys for Claudia Poccia**

/s/ *Laura Luisi*
Michael D. Karpeles
karpelesm@gtlaw.com
Laura Luisi
luisil@gtlaw.com
Greenberg Traurig, LLP
77 W. Wacker Drive, Suite 3100
Chicago, IL 60601
Tel: (312) 456-8400
Firm I.D. No. 36511

Stephanie J. Quincy
quincys@gtlaw.com
Greenberg Traurig, LLP
2375 E. Camelback Rd. Suite 700
Phoenix, AZ 85016
Tel: (602) 445 – 8506

## <u>CERTIFICATE OF SERVICE</u>

I, Colton D. Long, an attorney, hereby certifies that on June 4, 2021, I caused to be filed the foregoing ***JOINT STATUS REPORT*** with the Clerk of Court using CM/ECF system, which sent notification of such filing to counsel of record for all parties.

*/s/ Colton D. Long*
Colton D. Long
