**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MARIO TRICOCI HAIR SALONS & ) <br> DAY SPAS, LLC d/b/a Tricoci Salon and ) <br> Spa, an Illinois corporation, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CLAUDIA POCCIA and MOLLY SLOAT, ) <br> ) <br> Defendants. ) | Case No. 20-cv-07196 <br><br> Honorable Matthew F. Kennelly <br><br> Hon. Mag. Gabriel A. Fuentes |

## NON-PARTIES' EMERGENCY MOTION FOR PROTECTIVE ORDER

Fekkai Retail LLC, Blue Mistral, LLC, and Bastide (collectively, the "Fekkai Parties"), by their attorneys, respectfully move this Court for an emergency protective order pursuant to Federal Rule of Civil Procedure 26(c), and in support thereof state as follows:

1. None of the Fekkai Parties are parties to this action. According to Plaintiff's Complaint, the Fekkai Parties are "direct competitors" of Plaintiff and Defendants allegedly misappropriated Plaintiff's confidential information while exploring an opportunity with and performing services for the Fekkai Parties. (*See, e.g.*, ECF No. 66 ¶¶ 1, 42-46, 121, 191.)

2. As part of Defendants' respective engagements with certain Fekkai Parties, Defendants each signed an agreement agreeing to maintain in strict confidence the confidential and proprietary information of the Fekkai Parties.

3. Pursuant to a forensic protocol the Plaintiff and Defendants to this action negotiated, Defendants previously protected from disclosure to Plaintiff certain documents in their

1

possession citing concerns over producing potential confidential information belonging to the Fekkai Parties. (ECF No. 25 ¶ 7.)

4. It has come to the attention of the Fekkai Parties that the Court has ordered disclosure of over 1,200 such documents to Plaintiff after reviewing a subset of approximately three dozen (36) of these 1,200 documents. (ECF No. 104.) The Fekkai Parties now seek an emergency order protecting against the disclosure of its confidential or proprietary information to Plaintiff, disclosure of which would likely cause irreparable harm to the Fekkai Parties. As non-parties to the litigation, and owners of the confidential information being sought, the Fekkai Parties are entitled to protection from a self-described competitor—Plaintiff—gaining access to their confidential business information, which would enable Plaintiff to unfairly, unethically, and illegally compete with the Fekkai Parties. Fed. R. Civ. P. 26(c)(1).

5. District courts have "substantial latitude to fashion protective orders." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). A court may, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1). The protective order can include one or more of the following limitations:

> (A) forbidding the disclosure or discovery;
> (B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;
> (C) prescribing a discovery method other than the one selected by the party seeking discovery;
> (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
> (E) designating the persons who may be present while the discovery is conducted;
> . . .
> (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way[.]

Fed. R. Civ. P. 26(c)(1)(A)-(E), (G).

6. Based upon information and belief, the documents at issue contain confidential or proprietary information of the Fekkai Parties bearing no relevance to Plaintiff's claims against Defendants. What is at issue in this litigation is Plaintiff's confidential information, and whether it was improperly utilized or disclosed by Defendants to the Fekkai Parties. The Fekkai Parties' confidential business information is irrelevant. Moreover, to date, Plaintiff has not shown that Defendants wrongly used or disclosed Plaintiff's confidential information to any of the Fekkai Parties. (*See* ECF Nos. 93-94.)

7. Upon information and belief, among the documents at issue are documents containing confidential financial information for the Fekkai Parties, including financial statements, profit and loss information, and sales information by retailer for various retailers of the Fekkai Parties; as well as strategic roadmaps and sales distribution strategies for the Fekkai Parties, among other confidential information of the Fekkai Parties. The Fekkai Parties submit that agreements, sales and financial information, business strategies and plans, pitches, presentations, and other commercially sensitive information pertaining to the Fekkai Parties and their relationships with retailers of their many products—which, again, are not at issue in this litigation—are irrelevant to Plaintiff's claims, which concern the alleged use or disclosure of Plaintiff's confidential information by Defendants to the Fekkai Parties. Further, the disclosure of such highly sensitive information of the Fekkai Parties will unduly harm the Fekkai Parties, in particular the confidential relationships with their retail partners, who also have nothing to do with this case. Plaintiff should not be allowed to use discovery in this case as a fishing expedition to gain valuable commercial

information of the Fekkai Parties and their retail partners and thereafter use such information to interfere with and damage the Fekkai Parties' relationships with indispensable retail partners.

8. In addition, the Fekkai Parties are not parties to this action and they should not have to bear the burden or expense of producing any confidential or proprietary information that has nothing to do with Plaintiff's claims against Defendants. *Robinson Steel Co. v. Caterpillar, Inc.*, No. 2:10-CV-438-JTM-PRC, 2012 WL 5903769, at *3 (N.D. Ind. Nov. 21, 2012) ("non-party status is a significant factor a court must consider when assessing undue burden"). This falls beyond the scope of permissible discovery under Rule 26(b)(1). Fed. R. Civ. P. 26(b)(1) ("Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any *nonprivileged* matter that is *relevant* to any party's claim or defense and *proportional* to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.") (emphasis added).

9. To the extent the Court deems it appropriate to compel production of certain confidential information of the Fekkai Parties, the Court should, in accordance with Fed. R. Civ. P. 26(b)(1) and 26(c)(1), first require Plaintiff to make a threshold showing of their relevance and permit the Fekkai Parties to inspect all documents at issue to ensure that their confidential or proprietary information is appropriately safeguarded (i.e. redacted) and production be narrowly tailored to *specific*, *relevant, and proportional* categories of documents. *See Robinson Steel Co. v. Caterpillar, Inc.*, 2012 WL 5903769, at *3-4 (granting motion for protective order barring discovery of nonparties "not made with particularity and request[ing] sensitive business information").

10. Blanket disclosure should not be allowed without this review and a threshold showing by Plaintiff that the information sought is indeed "relevant" to Plaintiff's claims and proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1); *Drics v. Duffy*, No. 1:14-cv-01192-SEB-MJD, 2014 WL 5323737, at *3-8 (S.D. Ind. Oct. 16, 2014) (in seeking non-party discovery, "Plaintiff has the burden to explain why any apparently irrelevant requests are actually relevant to a claim or defense in this action") (granting motion for protective order protecting non-parties from producing broad categories of financial and other types documents not limited to the financial transactions at issue because "fishing for anything that might . . . support his claims . . . [is] beyond the permissible scope of discovery.").

11. Based on the foregoing, the Fekkai Parties respectfully request that the Court grant their emergency motion and enter a protective order barring Plaintiff—who deems itself a direct competitor of the Fekkai Parties—from obtaining and using any confidential or proprietary commercial information of the Fekkai Parties. Fed. R. Civ. P. 26(c)(1)(A), (D), (G). Alternatively, to the extent the Court deems it appropriate to compel production of certain confidential information of the Fekkai Parties, the Fekkai Parties request that the Court: (i) first require Plaintiff to make a threshold showing of their relevance and (ii) permit the Fekkai Parties a reasonable time of not less than ten (10) days to inspect all such documents before their production to Plaintiff, in order to seek any further appropriate relief to safeguard its confidential information and business interests from a declared direct competitor (e.g., redaction), and (iii) order Plaintiff to pay all costs associated with such review and production. Fed. R. Civ. P. 26(c)(1)(B), (E).

Dated: June 8, 2021                                   Respectfully submitted,

                                                                **FEKKAI RETAIL LLC,**
                                                                **BLUE MISTRAL, LLC, AND BASTIDE**

By: <u>s/ Marlén Cortez Morris</u>
    One of their Attorneys

Marlén Cortez Morris (ARDC No. 6291488)
**Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
155 North Wacker Drive, Suite 4300
Chicago, Illinois 60606
Telephone: 312.558.1220
Facsimile: 312.807.3619
marlen.cortez@ogletree.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 8, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

                                                        s/ Marlén Cortez Morris