IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIO TRICOCI HAIR SALONS & DAY SPAS, LLC d/b/a Tricoci Salon and Spa, an Illinois corporation, | ) ) ) ) |
| Plaintiff, | ) Case No. 20-cv-07196 ) ) Honorable Matthew F. Kennelly |
| v. | ) ) Hon. Mag. Gabriel A. Fuentes |
| CLAUDIA POCCIA and MOLLY SLOAT, | ) ) |
| Defendants. | ) |

## MS. POCCIA'S MOTION FOR ENTRY OF PRELIMINARY INJUNCTION

As set forth in her opposition to Plaintiff Tricoci's amended motion for preliminary injunction (ECF No. 94), in an effort to narrow the issues at the preliminary injunction hearing scheduled for June 18, 2021, and without any admission of liability, Ms. Poccia, through her counsel, hereby respectfully asks that the Court enter the below proposed order regarding her obligations with respect to information Tricoci claims is at issue in this action. Ms. Poccia maintains that she has no interest in using, disclosing, or possessing any information belonging to Tricoci that Tricoci claims is confidential or trade secret protected and therefore has long been willing to agree to an injunction giving Tricoci nearly all of the injunctive components it seeks. Tricoci has to this point been unwilling to agree to anything that would not contain some form of non-compete terms for Ms. Poccia. Ms. Poccia will not agree to an injunction tantamount to an overbroad non-compete restriction but is willing to agree to all other material components of Tricoci's injunction request.

Stated differently, Tricoci asks that this Court order that Ms. Poccia be barred from working for "Fekkai, Fekkai-affiliate entities, or any other direct competitor *until such time as*

*Tricoci's confidential and trade secret information [Ms. Poccia] acquired no longer has value.*" (ECF No. 58 (emphasis added).) But this request is not supported by law or logic, nor warranted by the facts. Indeed, as Tricoci correctly notes, the purpose of a preliminary injunction "is to preserve the status quo until a decision on the merits can be entered." (*Id.* p. 2.) The "status quo" would not be "preserved" if Ms. Poccia was ordered to quit a position she has been in in one form or another since before Tricoci even initiated this action.

Ms. Poccia further emphasizes that the proposed order set forth below tracks and substantially conforms to Tricoci's prayer for relief set forth in its amended motion for preliminary injunction filed on April 19, 2021 (ECF No. 58), with the exception of Parts D and E of Tricoci's injunction requests, which would indefinitely bar Ms. Poccia from performing work for Fekkai or any entity deemed by Tricoci to be a competitor of Tricoci. Indeed, several components of the proposed order are more onerous, by setting forth specific parameters regarding how the parties will locate and destroy any claimed Tricoci confidential or trade secret information.

Accordingly, to narrow the issues before the Court and for efficiency and economy, Ms. Poccia respectfully asks that the Court enter the proposed order attached to this Motion.

Respectfully Submitted,

/s/ _Melissa L. McDonagh_

James M. Witz
Colton D. Long
LITTLER MENDELSON, P.C.
321 North Clark Street, Suite 1100
Chicago, IL 60654
(312) 372-5520
jwitz@littler.com
clong@littler.com

Melissa McDonagh
LITTLER MENDELSON, P.C.
One International Place
Suite 2700
Boston, MA 02110
(617) 378-6000
mmcdonagh@littler.com
***Attorneys for Claudia Poccia***

## CERTIFICATE OF SERVICE

I hereby certify that, on June 11, 2021, I caused the foregoing ***Motion for Entry of Preliminary Injunction*** to be filed with the Clerk of the Court using the ECF filing system, which electronically served counsel for all parties of record in the above-captioned action.

*/s/ Melissa L. McDonagh*
One of Defendant's Attorneys

## [PROPOSED] <u>PRELIMINARY INJUNCTION ORDER</u>

This cause coming to be heard on Mario Tricoci Hair Salons & Day Spas, LLC d/b/a Tricoci Salon and Spa's ("**Tricoci**") Amended Motion for Preliminary Injunction (the "**Motion**"), due notice having been given, and the Court being fully advised in the premises and without admission of liability on the merits and with full reservation of rights to all parties, it is hereby ordered as follows:

      A.      Defendant Poccia, without admission of liability, is enjoined and restrained from using, disclosing, misappropriating, relying on, copying, or transferring Tricoci's confidential and trade secret information, through the final disposition of this matter or until further order of the Court, whichever is earliest;

      B.      Defendant Poccia, without admission of any unlawful conduct or misappropriation, must return to Tricoci any and all Tricoci confidential and trade secret information to the extent any is within her possession, custody, or control, including, but not limited to, any and all copies or reproductions of any document, communication or tangible item that contains any Tricoci confidential or trade secret information currently in the possession, custody, or control of Poccia, or anyone authorized to act on her behalf within 21 days of entry of this order. For avoidance of doubt and mitigation of any disputes, Tricoci must also itemize any tangible things it claims is within Ms. Poccia's possession, custody, or control that constitute trade secret or confidential information within seven (7) days from the entry of this order (this itemization requirement does not limit what Ms. Poccia must return but is ordered to ensure Ms. Poccia properly identifies and returns any such information Tricoci believes is or may be at issue);

      C.      Defendant Poccia, without admission of any unlawful conduct or misappropriation, must destroy any and all Tricoci confidential and trade secret information, including, but not limited to, any and all copies or reproductions of any document, communication or tangible item that contains any Tricoci confidential or trade secret information currently in the possession, custody, or control of Poccia, or anyone authorized to act on her behalf. To accomplish this destruction, Tricoci and Ms. Poccia must meet and confer within seven (7) days from the date of this order and agree on a third-party vendor to perform the actions set forth above. The parties must then deliver a status report within ten (10) days from the date of this order that sets forth the vendor selected, the procedures for identifying such information, and the timeframe for accomplishing destruction of such information, with such timeframe not to exceed thirty (30) days from the date of this order;

      D.      Defendant Poccia, without admission of any unlawful conduct or misappropriation, is enjoined and restrained from directly or indirectly soliciting or inducing or attempting to solicit or induce any employee of Tricoci to leave the employment of Tricoci during the time this Order is in effect or until the Court orders otherwise, whichever is earlier.

Dated:_____, 2021 _____
                                                                                                      Honorable Matthew F. Kennelly