IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARIO TRICOCI HAIR SALONS & DAY SPAS, LLC d/b/a Tricoci Salon and Spa, an Illinois corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 20-cv-07196 |
| v. | ) ) | Honorable Matthew F. Kennelly |
| CLAUDIA POCCIA and MOLLY SLOAT, | ) ) ) | |
| Defendants. | ) | |

## PRELIMINARY INJUNCTION ORDER

This cause coming to be heard on Mario Tricoci Hair Salons & Day Spas, LLC d/b/a Tricoci Salon and Spa's ("**Tricoci**") Amended Motion for Preliminary Injunction (the "**Motion**"), due notice having been given, and the Court being fully advised in the premises and without admission of liability on the merits and with full reservation of rights to all parties, it is hereby ordered as follows:

A. Defendants Poccia and Sloat, are enjoined and restrained from using, disclosing, misappropriating, relying on, copying, or transferring Tricoci's information in their possession, custody, or control, including information they created on behalf of and/or for Tricoci;

B. Defendants Poccia and Sloat, must return to Tricoci any and all of Tricoci's information kept in hard copy, including but not limited to, any and all copies or reproductions of any document, communication or tangible item that contains any Tricoci information currently in the possession, custody, or control of Poccia or Sloat within 21 days of entry of this order. For the avoidance of doubt, all documents must be returned, but Poccia may retain a copy of financial invoices, other Poccia documents pertaining to Poccia's business expenses, or any other document(s) reflecting payment for services Poccia rendered on behalf of Tricoci. Similarly, all Sloat documents must be returned, but Sloat may maintain a copy of her personal tax or personal financial documents in the possession, custody, or control of Sloat pertaining to services rendered for Tricoci.

C. Defendants Poccia and Sloat, must destroy any and all of Tricoci's information kept in electronic form, including, but not limited to, any and all copies or reproductions of any document, communication or tangible item that contains any of Tricoci's information currently in

the possession, custody, or control of Poccia or Sloat, or anyone authorized to act on their behalf. This includes the release of all documents identified in electronic searches that contain the terms "Tricoci" and/or "MT" along with all metadata associated with these documents. The parties will file a stipulated remediation protocol within ten (10) days from the date of this order, which will include the management of the destruction process and retention of the deleted items by third-party vendor Legility, at least through the life of this matter.

        D.        To the extent any information or documents that hit on the search terms "MT" or "Tricoci" are withheld based on a claim of privilege (or otherwise), Counsel for Defendants shall provide a privilege log, with all information required by a privilege log for any and all documents withheld under claim of privilege, including the following information: (1) Control Number; (2) to/from/cc/bcc fields; (3) E-mail/document subject lines; (4) Description of the document withheld; (5) Identification of the privilege claimed; (6) Date/Time; (7) Document Type; (8) Search term hit. For the avoidance of doubt, if Defendants are withholding documents that hit upon these terms for any reason other than privilege. (Defendant Sloat has 25 documents in her possession and Defendant Poccia has 279 documents in her possession that remain on logs of withheld information that hit on the search terms "MT" and/or "Tricoci").

        E.        Defendants Poccia and Sloat are enjoined and restrained from directly or indirectly soliciting or inducing or attempting to solicit or induce any employee of Tricoci to leave the employment of Tricoci.

        F.        Payment of the third-party vendor costs and third-party vendor fees incurred to comply with this Order shall be divided evenly between Plaintiff and Defendants, and Defendants will jointly pay their half of the third-party vendor fees and costs.

Dated: October 15, 2021

_____
Honorable Matthew F. Kennelly