**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MARIO TRICOCI HAIR SALONS & DAY SPAS, LLC d/b/a Tricoci Salon and Spa, an Illinois corporation, ) ) ) ) Plaintiff, ) ) v. ) ) CLAUDIA POCCIA and MOLLY SLOAT, ) ) Defendants. ) | Case No. 20-cv-07196 Honorable Matthew F. Kennelly Hon. Mag. Gabriel A. Fuentes |

**AGREED REMEDIATION PROTOCOL**

Plaintiff Mario Tricoci Hair Salons & Day Spas, LLC d/b/a Tricoci Salon and Spa ("**Tricoci**"), through its undersigned counsel, and Defendant Claudia Poccia and Defendant Molly Sloat, through their undersigned counsel, respectfully submit the following Agreed Remediation Protocol in accordance with the Preliminary Injunction Order entered by this Court on October 15, 2021. [Dkt. No. 149].

1. **Tricoci Information List**. On or before November 3, 2021, Defendants Poccia and Sloat shall provide a list(s) to Tricoci of all Tricoci Information within their custody, possession, or control. "Tricoci Information" is defined as all documents and information that reflect or relate to any and all components of Tricoci's business, products, employees, or operations, and other information belonging to Tricoci, such as studies, research summaries, business plans, board presentations, and similar information. This includes but is not limited to all such Tricoci Information that hits on the search terms "Tricoci" and/or "MT." Defendants' Tricoci Information list must be generated with control numbers for reference by third-party vendor Legility and must include all metadata associated with the Tricoci Information.

Unless disclosed on a log as provided herein, all documents with the search terms "MT" or "Tricoci" shall be released to Tricoci. Any documents that hit on the terms "Tricoci" or "MT" that are withheld by Defendants for any reason other than privilege will be placed on its own log consistent with the requirements set forth in Section 6. The log shall be produced to Tricoci on or before November 4, 2021. Legility must provide a certification that all documents hitting on the search terms "Tricoci" and "MT" were produced or placed on this log. Any documents, including those that hit on the search terms "Tricoci" or "MT," that are withheld pursuant to a claim of privilege, must be placed on a Privilege Log.

2. **Return Hard Copy Documents**. Defendants Poccia and Sloat shall return all hard copy Tricoci Information, including financial invoices, documents related to business expenses, and documents reflecting payments for services rendered.

3. **Access to Devices and Accounts to Gather Electronic Documents**. Subject to Section 4, Tricoci Information must be removed from the following devices and, within one (1) business day of the Court's entry of this Protocol for cloud accounts and e-mails and two (2) business days of the Court's entry of this Protocol for devices, access shall be provided to Legility to do so: (i) all personal devices, including personal computers, laptops, ipads, cell phones, and similar devices; (ii) personal e-mail addresses and any other e-mail addresses that may house Tricoci Information; (iii) iCloud or other cloud-based accounts, including but not limited to Dropbox and WeTransfer; and (iv) any other device, software, system, or the like that may contain Tricoci's Information.

4. **New Devices.** The parties understand that Poccia purchased a new laptop in June 2021. Poccia represents that she has not downloaded, transferred, copied, or utilized any Tricoci Information onto or off of the laptop, including through the utilization of cloud-based services

such as Dropnbox and WeTransfer. On November 5, 2021, Poccia will produce the laptop to a mutually-agreeable ESI vendor for imaging. The parties will agree to an ESI vendor within two (2) business days of the Court's entry of this Protocol. Legility will confirm there have been no downloads from this device to Poccia's cloud accounts and Poccia agrees to provide Legility with all information to do so, including any necessary IP addresses. Once Legility certifies that no downloads were made, within two (2) business days of that certification, the mutually-agreeable ESI vendor will restore the laptop to factory settings and provide a certification that it has done so. Poccia will refrain from downloading any data from her cloud accounts until the remediation covered by this Protocol is fully completed, as agreed to by counsel for all parties.

5. **Return and Remediation of Electronic Documents.** Once given access, Legility shall proceed with the following protocol to remove electronic Tricoci Information from Defendants' possession, custody, or control:

- Legility will collect all Tricoci Information identified on Defendants' list, including all Tricoci Information that hit on the search terms "Tricoci" and/or "MT" from Defendants' devices and accounts (subject to the procedures set forth above);

- Then, within the documents, communications, and other materials that constitute "Tricoci Information," Defendants will provide Legility with a list of documents that are withheld pursuant to privilege. These privilege documents will be segmented from all other Tricoci Information and saved in a separate search inaccessible to Tricoci or Tricoci's counsel and sent to Defendants' counsel for further review and determination of whether such information is privileged or otherwise constitutes Tricoci Information. To the extent any

documents claimed to be privileged by Defendants are withheld by Defendants, they will comply with Section 6 below.

- Legility will also separately retain copies of all Tricoci Information identified on Defendants' lists including associated metadata, and including Tricoci Information that hits on the search terms "Tricoci" and/or "MT." For the sake of clarity, at least one copy of all information being deleted from Defendants' devices and accounts shall be retained by Legility after production to Plaintiff.

- Legility will then release all Tricoci documents and information that contain the search terms "Tricoci" and/or "MT," along with all metadata associated with those documents, unless those documents are withheld pursuant to privilege or any other reason and appropriately placed on a log, as identified herein. To the extent any privileged communications are inadvertently produced as a part of this protocol, Defendants may "clawback" such documents and Tricoci/Tricoci's counsel must permanently delete such documents without retaining copies. The parties agree to meet and confer in good faith to the extent there are any disputes about inadvertently produced privileged documents.

- Legility will then permanently delete and destroy all identified Tricoci Information from Defendants' devices and accounts.

- Legility shall provide a certification to all parties that this protocol has been complied with in its entirety.

6. **Documents or Information Withheld from Tricoci**. To the extent any documents containing Tricoci Information or the search terms "MT" or "Tricoci" are not produced to Tricoci based on a claim of privilege or otherwise, Defendants shall provide logs for any and all such

documents withheld, which will include, where available or applicable, all of the following information: (i) Control Number; (ii) To/from/cc/bcc fields; (iii) E-mail/document subject lines; (iv) Description of the document withheld; (v) identification of the privilege claimed; (vi) Date/time; (vii) Document type; (viii) Search term hit.

For the sake of clarity, documents that are withheld based on a claim of privilege shall be placed on their own log. Documents withheld based on any other reason shall be placed on their own separate log.

7. **Documents or Information Maintained by Defendants**. Defendants may retain copies of financial invoices, business expenses, and other tax documents that may mention Tricoci. If any such documents are retained, they must be included on a log including the following information: (i) To/from/cc/bcc fields; (ii) E-mail/document subject lines; (iii) Description of the document withheld; (iv) Date/time; (v) Document type; (vi) Reason for retaining a copy (*i.e.* financial invoice, business expense, etc.).

8. **Completion Date**. This protocol shall be completed by November 12, 2021.

Dated: October 27, 2021            Respectfully submitted,

                                          **TRICOCI HAIR SALONS AND DAY SPAS, LLC**
                                          **D/B/A TRICOCI SALON AND SPA**

By: */s/ Laura Luisi*
       Michael D. Karpeles
       karpelesm@gtlaw.com
       Laura Luisi luisil@gtlaw.com
       Greenberg Traurig, LLP
       77 W. Wacker Drive, Suite 3100
       Chicago, IL 60601
       Tel: (312) 456-8400
       Firm I.D. No. 36511

       Stephanie J. Quincy
       quincys@gtlaw.com
       Greenberg Traurig, LLP
       2375 E. Camelback Rd. Suite 800
       Phoenix, AZ 85016
       Tel: (602) 445 – 8506

*Attorneys for Tricoci Hair Salons and Day Spas, LLC d/b/a Tricoci Salon and Spa*

**CLAUDIA POCCIA**

By: */s/ Colton D. Long*
       James M. Witz
       Colton D. Long
       LITTLER MENDELSON, P.C.
       321 North Clark Street, Suite 1100 Chicago, IL 60654
       (312) 372-5520
       clong@littler.com

       Melissa McDonagh
       LITTLER MENDELSON, P.C.
       One International Place
       Suite 2700
       Boston, MA 02110
       (617) 378-6000
       mmcdonagh@littler.com

*Attorneys for Claudia Poccia*

**MOLLY SLOAT**

By: */s/ Lindsay E. Dansdill*
       Lindsay E. Dansdill,
       ARDC #6289316
       NIELSEN, ZEHE & ANTAS, P.C.
       55 W. Monroe Street, Suite 1800
       Chicago, Illinois 60603
       ldansdill@nzalaw.com

*Attorney for Molly Sloat*

## CERTIFICATE OF SERVICE

  I, Laura Luisi, an attorney, hereby certify that I caused true and correct copies of the foregoing Agreed Remediation Protocol to be served upon the individual(s) identified below through the Court's ECF notification system on October 27, 2021.

    James M. Witz
    Colton D. Long
    LITTLER MENDELSON, P.C.
    321 North Clark Street, Suite 1100 Chicago, IL 60654
    (312) 372-5520
    clong@littler.com

    Melissa McDonagh
    LITTLER MENDELSON, P.C.
    One International Place
    Suite 2700
    Boston, MA 02110
    (617) 378-6000
    mmcdonagh@littler.com
    Attorneys for Claudia Poccia

    Lindsay E. Dansdill,
    ARDC #6289316
    NIELSEN, ZEHE & ANTAS, P.C.
    55 W. Monroe Street, Suite 1800
    Chicago, Illinois 60603
    ldansdill@nzalaw.com

              By: /s/ Laura Luisi
                  One of Plaintiff's Attorneys